(June 17, 2004)

■ Jimmy Rochez et al., Respondents, v Travelers Casualty and Surety Company of America, Appellant, and Salamt Ullah Contracting, Respondent, et al., Defendants. [779 NYS2d 36]—

Order, Supreme Court, Bronx County (Barry Salman, J.), entered November 26, 2003, which denied the motion of defendant-appellant Travelers Casualty and Surety Company of America for summary judgment dismissing the complaint and the cross claims of defendant-respondent Salamt Ullah Contracting, unanimously reversed, on the law, without costs, Travelers' motion granted and said complaint and cross claims dismissed. The Clerk is directed to enter judgment accordingly.

In this action pursuant to Labor Law § 220 by employees of subcontractor Salamt Ullah Contracting to recover from the issuer of the required labor and material payment bond for payment of prevailing wages on a public school construction project, it is undisputed that the last date on which defendant Dillon Contracting, the general contractor and principal on the bond, performed any work on the project was on or about November 12, 2000 and the last day the plaintiffs' employer performed any work was June 24, 1999. The bond provides that no suit thereunder shall be commenced "after the expiration of one (1) year following the date on which Principal [Dillon] ceased work of said Contract." Accordingly, this action, which was commenced on or about April 2, 2003, was not only barred by the terms of the bond, but by the provisions of Labor Law § 220-g applicable in 2000, which required said action to be brought "within one year of the date of the last alleged underpayment."

Given the controlling dates, the motion court erroneously relied upon the subsequent 2002 amendment to Labor Law § 220-g, which, in addition to permitting the affected employees to bring an action on the bond within one year of the last alleged underpayment, now provides the alternative of commencing such action "within one year of the date of the filing of an order by the commissioner or other fiscal officer determining a wage or supplement underpayment." Concur—Buckley, P.J., Andrias, Saxe, Lerner and Friedman, JJ.